IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE JOSEPH MIDDLETON, # Y21267, <br><br>      Plaintiff, <br><br> vs. <br><br> JANE DOE, *Nurse Practitioner, Franklin County Jail* and JANE DOE, *Doctor, Franklin County Jail,* <br><br>      Defendants. | Case No. 18−cv−1995−JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Dwayne Joseph Middleton, formerly an inmate in the Franklin County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges he was denied medical treatment and medication for his Tourette Syndrome and suffered injuries as a result of the untreated condition. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. See 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff identifies Jane Doe Nurse Practitioner and Jane Doe Doctor as defendants. The defendants, however, are not referenced in the statement of claim. Instead, Plaintiff alleges he told "them" about his Tourette Syndrome medication and "they" told him he would see a doctor. He alleges he did not receive his medication and did not see a doctor. Plaintiff's statement of claim does not state whether it was prescription medication, identify who he told about the medication, identify who denied him the medication, or identify who denied him medical treatment. This is insufficient to state a claim; Plaintiff must make plausible allegations against individuals. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A successful Complaint generally alleges "the who, what, when, where, and how ...." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thus, if Plaintiff wants to pursue his claims, he must file an amended complaint. The amended complaint should identify who violated Plaintiff's constitutional rights by name, if known, and should include a description of how Plaintiff's rights were violated. If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation but must identify the action(s) or inaction(s) of each Doe defendant.

Additionally, should Plaintiff amend his complaint, he should tell the Court whether he was an arrestee, pretrial detainee, or prisoner at the time of any alleged constitutional violations.

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted**.**

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **February 11, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and state the case number, 18-cv-1995-JPG. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 14, 2019**

*s/J. Phil Gilbert*
**United States District Judge**