## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DWAYNE JOSEPH MIDDLETON,**<br># Y21267 | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 18−cv−1995−JPG** |
| **vs.** | ) | |
| | ) | |
| **MAYA COOK,** *Nurse Practitioner,* | ) | |
| and **JOHN DOE**, *Doctor,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Dwayne Joseph Middleton, formerly a detainee in the Franklin County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Amended Complaint, Plaintiff alleges he was denied medical treatment and medication for his Tourette Syndrome and suffered injuries as a result of the untreated condition. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. See 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## Amended Complaint

Plaintiff makes the following allegations in his Amended Complaint: Plaintiff was arrested

on January 18, 2017 and booked into the Franklin County Jail. (Doc. 11, p. 7). He told Correctional Officer House that he suffered from Tourette Syndrome and that without the medication to control the Tourette Syndrome his whole body would lock up causing him to fall. *Id*. He was told he would see the doctor or nurse practitioner the following day. *Id*. He did not. *Id*. Because Plaintiff did not receive his medication, his "whole body locked up" and he fell in the shower on January 19, 2017 breaking his nose and splitting his left eye lid open. *Id*. He signed up for sick call on January 20, 2017 but was not seen. *Id*. On March 29, 2017, his "body locked up" and he fell down courthouse stairs while hand-cuffed and shackled. *Id*.

## Discussion

Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). In the Amended Complaint, Plaintiff identifies Maya Cook and John Doe Doctor as defendants in the case caption, but does not state whether these individuals were aware of his condition or his need for medication. He does not describe any action he took to notify those individuals of his condition or need for medication. Plaintiff's statement of claim does not identify any individual who he told about his condition or his need for medication other than "C/O House." But Plaintiff did not name C/O House as a defendant.

Further, Plaintiff does not allege that he saw any individual after his injuries on January 19 and March 29 that failed or refused to provide treatment for his Tourette Syndrome.[1] The allegations in the Amended Complaint are insufficient to state a claim; Plaintiff must make

---

[1] The Court notes that Plaintiff filed a Health Assessment Form dated January 19, 2017 as an exhibit to the original complaint. However, Plaintiff has not alleged that he notified any health care provider of his condition or his need for medication at that time.

plausible allegations against individuals. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

If Plaintiff wants to pursue his claims, he must file a second amended complaint describing who violated his rights and how each individual violated his rights, i.e. what action or inaction violated his rights. The Court notes that Plaintiff has pled his allegations three times – in the original complaint, a motion to amend complaint, and the amended complaint. If plaintiff chooses to file a second amended complaint, he should include all relevant facts against all individuals he identifies as defendants. The Court will not accept piecemeal amendments to the original complaint, amended complaint, or any other prior pleading. Thus, the second amended complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Plaintiff must also re-file any relevant exhibits he wishes the Court to consider with the second amended complaint. If the second amended complaint does not conform to these requirements, it shall be stricken.

## <u>Disposition</u>

**IT IS HEREBY ORDERED** that the Amended Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted**.**

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **April 8, 2019**. Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended

that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and state the case number, 18-cv-1995-JPG. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 11, 2019**

**s/J. Phil Gilbert**
**United States District Judge**