# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE JOSEPH MIDDLETON, #Y21267, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 18-cv-01995-JPG ) |
| MOYA COOK, and JOHN DOE, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Dwayne Joseph Middleton, formerly a detainee in the Franklin County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He asserts a deliberate indifference to serious medical needs claim for the denial of medication for his Tourette Syndrome. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Second Amended Complaint[1] pursuant to 28 U.S.C. § 1915A. Under section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff titled his filing "Motion to Amend Complaint." However, it is clear that Plaintiff intended to comply with the Court's order that he file a Second Amended Complaint if he wished to pursue this matter. The Court will, therefore, treat the document as a Second Amended Complaint.

**Second Amended Complaint**

Plaintiff makes the following allegations in his Second Amended Complaint: Plaintiff was booked into the Franklin County Jail on January 18, 2017. (Doc. 14, p. 1). He told Correctional Officer House that he suffered from Tourette Syndrome and that without medication to control the Tourette Syndrome his whole body would lock up causing him to fall. *Id*. He was told he would see the doctor or nurse practitioner the following day. *Id*. He did not. *Id*. Because Plaintiff did not receive his medication, his "whole body locked up" and he fell in the shower on January 19, 2017, breaking his nose and splitting his left eye lid open. *Id*. He signed up for sick call on January 20 but was not seen. (Doc. 14, p. 2). Approximately fourteen days later, he saw Moya Cook. *Id*. He told Cook that he suffered from Tourette Syndrome and the type of medication he had been taking to control the symptoms. *Id*. Cook told him he did not have Tourette Syndrome and was just causing problems. *Id*. She prescribed medication to help him sleep but denied him medication for his Tourette Syndrome. (Doc. 14, pp. 1-2). On March 29, 2017, his whole "body locked up" and he fell down courthouse stairs while hand-cuffed and shackled. (Doc. 11, p. 7).[2]

Based on the allegations in the Second Amended Complaint, the Court designates a single count in this *pro se* action:

> Count 1: Fourteenth Amendment deliberate indifference claim against Moya Cook for denying medication to treat Plaintiff's Tourette Syndrome.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the

---

[2] Plaintiff alleged this fact in his Amended Complaint. Normally, an amended complaint supersedes and replaces the original complaint and renders the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). However, as a *pro se* litigant, Plaintiff will be afforded some latitude in this regard, and the Court will consider the allegations in the Amended Complaint and the Second Amended Complaint. *See Otis v. Demarasse*, 886 F.3d 639, 644–45 (7th Cir. 2018).

Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.³

**Discussion**

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). Although the Eighth Amendment does not extend to pretrial detainees, the Due Process Clause of the Fourteenth Amendment protects pretrial detainees under the same standard as the Eighth Amendment. *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000). To state a claim for deliberate indifference, an inmate must show that: (1) he suffered from an objectively serious medical condition; and (2) defendant was deliberately indifferent to a risk of serious harm from that condition. *Id*.

"An objectively serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). For purposes of this Order, the Court presumes treatment of Plaintiff's Tourette Syndrome constitutes a serious medical need.

Plaintiff notified Cook of his condition and the medication required to control the symptoms. Without the medication, Plaintiff had already had an incident in which his "whole body locked up" and he fell in the shower breaking his nose and splitting his left eye lid open. Yet Cook refused to give Plaintiff medication for his Tourette Syndrome, and subsequently, he fell down courthouse stairs while hand-cuffed and shackled resulting in injury. These allegations are

---
³ An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

sufficient for Count 1 to proceed against Cook.

In the Amended Complaint, Plaintiff identified a "Doctor John Doe" as a defendant in the case caption but did not state whether that individual was aware of his condition or his need for medication. He did not describe any action he took to notify that individual of his condition or need for medication. The same is true for the Second Amended Complaint. There is no mention of a Doctor, John Doe or otherwise. Accordingly, the John Doe will be dismissed without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that Count 1 will proceed against Defendant Moya Cook.

**IT IS FURTHER ORDERED** that Defendant Doctor John Doe is **DISMISSED** without prejudice and the Clerk is **DIRECTED** to TERMINATE him in the Case Management/Electronic Case Filing ("CM/ECF") system.

The Clerk of Court is **DIRECTED** to terminate the pending motion at Doc. 14 and to rename Doc. 14 as follows: Second Amended Complaint.

The Clerk of Court shall prepare for Defendant Cook: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Memorandum and Order to defendant's place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on defendant, and the Court will require defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer can be found at the work address provided by Plaintiff, the

employer shall furnish the Clerk with defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is ORDERED to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is ADVISED that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this action is REFERRED to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be REFERRED to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), if all parties consent to such a referral.

**IT IS SO ORDERED.**

**DATED: April 10, 2019**

                                            **s/J. Phil Gilbert**
                                            **J. Phil Gilbert**
                                            **United States District Judge**

## **Notice to Plaintiff**

The Court will take the necessary steps to notify the defendant of this lawsuit and serve her with a copy of your complaint. After service has been achieved, the defendant will enter her appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.