# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE JOSEPH MIDDLETON, #Y21267, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 18-cv-01995-JPG |
| MOYA COOK, | ) ) ) |
| Defendant. | ) |

## ORDER

**GILBERT, District Judge:**

This matter is before the Court on a Motion to Set Aside Default (Doc. 32) filed by Defendant Moya Cook. The Court screened Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915A on April 10, 2019. (Doc. 15). Pursuant to the Screening Order, Defendant was sent two requests for Waivers of Service of Summons on April 10, 2019 (Doc. 17) and May 15, 2019 (Doc. 19). When the latter waiver was returned unexecuted, Summons was issued on June 28, 2019. (Docs. 22 and 23). Defendant was served with this lawsuit on August 5, 2019, and her responsive pleading was due August 26, 2019. (Doc. 23).

Defendant failed to move, answer, or otherwise plead in response to the Second Amended Complaint. As a result, the Court entered an Order to Show Cause on October 22, 2019, directing Plaintiff to demonstrate why Defendant should not be dismissed based on Plaintiff's failure to prosecute his claim(s) against her. (Doc. 24). Plaintiff responded by filing a Motion for Entry of Default on October 28, 2019. (Doc. 25). The following day, the Clerk of Court entered default against Defendant in accordance with Federal Rule of Civil Procedure 55(a). (Doc. 26).

On December 16, 2019, Defendant filed a Motion to Set Aside Default (Doc. 32). In her supporting Affidavit (Doc. 33), Defendant explained that she personally retained an attorney to represent her as soon as she learned, through entry of default, that the third party administrator for her insurance company did not appear on her behalf when she tendered notice of this lawsuit in August 2019.

"A party seeking to vacate an entry of default prior to the entry of judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (citations omitted); FED. R. CIV. P. 55(c). Defendant has satisfied the requirements for setting aside the default. Her failure to file a responsive pleading was inadvertent. (Docs. 32 and 33). Defendant acted quickly to correct default by filing a "Motion to Set Aside Default" soon after learning of the default entered against her. (*Id.*). Defendant further asserts that she has a viable defense against Plaintiff's claims. (*Id.*). Under the circumstance, Defendant's Motion to Set Aside Default (Doc. 32) is **GRANTED**. The Entry of Default (Doc. 26) is **VACATED**. Defendant shall file her responsive pleading no later than **January 2, 2020**.

**IT IS SO ORDERED.**

**DATED: December 17, 2019**

                                                                s/J. Phil Gilbert
                                                                 **J. PHIL GILBERT**
                                                                 **United States District Judge**