IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE JOSEPH MIDDLETON, #Y21267, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 18-cv-01995-JPG ) |
| MOYA COOK, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 19, 2018. (Doc. 1). In the Complaint, he asserted claims against Moya Cook for denying him medication for Tourette's Syndrome at Franklin County Jail. (*Id*.). On April 10, 2019, the Court screened the Second Amended Complaint pursuant to 28 U.S.C. § 1915A and allowed this claim to proceed. (Docs. 14 and 15).

After Cook filed her answer, the Court entered a Scheduling and Discovery Order on January 2, 2020. (Docs. 37 and 38). Pursuant to it, dispositive motions were due on or before November 23, 2020. (Doc. 38). This deadline was extended twice. (*See* Docs. 40 and 45). When no dispositive motions were filed, the Court scheduled a status conference to select a trial date on May 20, 2021. (Doc. 47).

Plaintiff's counsel appeared at the status conference without his client and explained that he was unable to locate or contact him. Plaintiff was apparently released on parole and unavailable for a deposition during the original and extended discovery period. It appeared that Plaintiff abandoned his claim upon his release from custody. (*See* Docs. 47 and 48).

Following the status conference, the Court entered a show cause order, which states:

> ORDER TO SHOW CAUSE: Plaintiff failed to appear at the telephonic status conference that occurred at 9AM on May 20, 2021. Defendant's counsel reports that Plaintiff has been released on parole and has been unavailable for a deposition during the extended discovery period that ended May 10, 2021. It appears that Plaintiff has failed to prosecute his claims herein. Plaintiff is thus ORDERED TO SHOW CAUSE, on or before JUNE 3, 2021, why this case should not be dismissed for failure to prosecute his claims. FED. R. CIV. P. 41. He is WARNED that failure to satisfy the show cause order by the deadline shall result in dismissal of this case with prejudice.

(Doc. 48). The response deadline came and went without any word from Plaintiff. More than two weeks have passed since it expired.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the[ ] rules or a federal court order." *See* FED. R. CIV. P. 41(b). However, it is not always necessary for a defendant to file a motion. A district court has inherent authority to dismiss an action *sua sponte* for want of prosecution. *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663 (7th Cir. 2006). Dismissal is just one of the tools available to a court "to achieve the orderly and expeditious disposition of cases." *Williams*, 155 F.3d at 857 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Dismissal is a harsh sanction and should only be used "in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Williams*, 155 F.3d at 857 (quoting *Dunphy v. McKee*, 134 F.3d 1297, 1299 (7th Cir. 1998)).

Here, Plaintiff's court-recruited counsel has been unable to locate or reach his client since being assigned to represent him. Defendant's counsel has been unable to depose Plaintiff during the regular or extended discovery period. Public records confirm that Plaintiff was released on

parole more than a year ago.[1]  He has since failed to notify the Court of any change in his address. In fact, the Court has heard nothing from him.  By all indications, Plaintiff has simply abandoned his claim.  Accordingly, this action shall be dismissed with prejudice.  FED. R. CIV. P. 41(b).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to prosecute his claim against Moya Cook.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).  He must list each of the issues he intends to appeal in the notice of appeal.  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 6/22/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

---

[1] According to the Illinois Department of Corrections' inmate locator, Plaintiff was released on parole on June 3, 2020.  *See* https://www2.illinois.gov/idoc/offender/pages/inmatesearch.aspx (site last visited June 22, 2021); *see also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).